# EXHIBIT A

NYSCEF - New York State Courts Electronic Filing (Live System)

<< *Return to Search Results*

**152100/2025 -** New York County Supreme Court

Short Caption: **JANE DOE v. TAL ALEXANDER**
Case Type: **Torts - Other (CPLR 213(c))**
Case Status: **Active**
eFiling Status: **Partial Participation Recorded**
Assigned Judge: **Leslie Stroth**

Print Document List

**Narrow By Options**

Document Type: [            ▼]    Filed By:
[            ▼]

Motion Info: [            ▼]    Filed Date:
[        ] 🗓 thru [        ] 🗓

Document #: [        ]

📁 Show Motion Folders ONLY

Sort By: [Document # ▼]

| # | Document | Filed By | Status |
|---|----------|----------|--------|
| 1 | SUMMONS + COMPLAINT *Corrected* | CURIS, ANTIGONE<br>Filed: 02/18/2025<br>*Received: 02/18/2025* | **Processed**<br>Confirmation Notice |
| 2 | ORDER TO SHOW CAUSE ( PROPOSED )  (Motion #001) | CURIS, ANTIGONE<br>Filed: 02/18/2025<br>*Received: 02/18/2025* | **Processed**<br>Confirmation Notice |
| 3 | MEMORANDUM OF LAW  (Motion #001) | CURIS, ANTIGONE<br>Filed: 02/18/2025<br>*Received: 02/18/2025* | **Processed**<br>Confirmation Notice |
| 4 | RJI -RE: ORDER TO SHOW CAUSE  (Motion #001) | CURIS, ANTIGONE<br>Filed: 02/18/2025<br>*Received: 02/18/2025* | **Processed**<br>Confirmation Notice |
| 5 | ORDER TO SHOW CAUSE  (Motion #001) | Court User<br>Filed: 02/20/2025<br>*Received: 02/20/2025* | **Processed**<br>Confirmation Notice |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE  (Motion #001) | CURIS, ANTIGONE<br>Filed: 02/27/2025<br>*Received: 02/27/2025* | **Processed**<br>Confirmation Notice |
| 7 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING (Motion #001) | CURIS, ANTIGONE<br>Filed: 02/27/2025<br>*Received: 02/27/2025* | **Processed**<br>Confirmation Notice |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE  (Motion #001)<br>*affidavit of overnight mail* | CURIS, ANTIGONE<br>Filed: 02/27/2025<br>*Received: 02/27/2025* | **Processed**<br>Confirmation Notice |

<< *Return to Search Results*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------X

JANE DOE,

                          *Plaintiff,*

              -against -

TAL ALEXANDER,

                        *Defendant.*

----------------------------------------------------------------------X

|  |
|---|
| Index No.:_____ /2025 |
| **Plaintiffs designates NEW YORK COUNTY as place of trial.** |
| **The basis of venue defendant's place of residence** |
| **SUMMONS** |
| **Plaintiff resides in New York, NY** |

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in
this action and to serve a copy of your answer or, if the complaint
is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within
20 days after the service of this summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally delivered to you within the State of New
York) and in case your failure to appear or answer, judgement will be taken for the relief demanded
herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, NEW
YORK COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: February 18, 2025
New York, New York

                         Respectfully submitted,

                         **CURIS LAW, PLLC**

                         *By: /s/Antigone Curis*
                         antigone@curislaw.com
                         52 Duane Street, 7th Floor
                         New York, New York 10007
                         Phone: (646) 335-7220
                         Facsimile: (315) 660-2610

                         **AVA LAW GROUP**
                         Andrew Van Arsdale
                         andrew.vanarsdale@avalaw.com
                         3667 Voltaire Street, Ste. 101
                         San Diego, CA 92106

Case 1:25-cv-02078-JPO     Document 1-1     Filed 03/13/25     Page 4 of 31

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------X

JANE DOE,

         *Plaintiff,*

       v.

TAL ALEXANDER,

         *Defendant.*

-------------------------------------------------------X

           **VERIFIED**
**COMPLAINT**

    **No. _____**

Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys, Curis Law Firm, for her Complaint alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action to hold Defendant Tal Alexander accountable for the violent sexual assault he committed against her in Moscow, Russia. On or about June 10, 2015, Defendant used deceit and coercion to lure Plaintiff into his company, where he drugged and sexually assaulted her. Defendant's wealth, social influence, and power allowed him to commit these egregious acts without consequence, leaving Plaintiff traumatized and suffering from lasting psychological and emotional damage.

2.      Defendant leveraged his power, wealth, and social influence to perpetrate these crimes without consequence. His actions form part of a larger pattern of coercion, manipulation, and sexual violence against women. Plaintiff seeks justice, damages, and punitive measures to prevent future harm and hold Defendant accountable for their egregious misconduct.

Case 1:25-cv-02078-JPO Document 1-1 Filed 03/13/25 Page 5 of 31

## PARTIES

3.      Plaintiff is an adult female who resides in New York and brings this action to hold Defendant accountable for his actions.

4.      Defendant Tal Alexander, a resident of New York, engaged in predatory conduct and used his social status and financial power to lure, coerce, and assault women.

5.      Currently, the Defendant Tal Alexander is incarcerated at the Metropolitan Detention Center (MDC), 80 29th St, Brooklyn, NY 11232.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction pursuant to New York Civil Practice Law and Rules (CPLR) § 301 and § 302, as this action involves causes of action recognized under the laws of the State of New York.

7.      This Court has personal jurisdiction over the Defendant pursuant to CPLR § 302(a) because the Defendant is domiciled in New York and/or regularly transacts business in New York State, including in New York City.

8.      Venue is proper in this County pursuant to CPLR § 503 because it is the county in which the Defendant resides and is anticipated to reside when trial commences.

## JURY DEMAND

9.      Plaintiff hereby demands a trial by jury on her claims in this action.

## FACTUAL ALLEGATIONS

10.     Tal Alexander has a well-documented history of leveraging his wealth and social status to exploit and manipulate women.  He is presently incarcerated for allegations of a similar nature.

11.     He regularly sought out victims within exclusive social settings, promising luxury experiences to gain trust before subjecting them to sexual violence.

12.     Plaintiff first met Defendant in New York City, while socializing with a friend at a restaurant.

13.     Defendant invited Plaintiff to join him for drinks with his party at another venue.

14.     Plaintiff declined the invitation; however, the Defendant persuaded her to exchange contact information.

15.     Defendant suggested meeting again, presenting himself as a well-connected businessman and that he travels a lot.

16.     Defendant contacted Plaintiff in or about June 2015 when Defendant was in Moscow and invited Plaintiff for drinks.

17.     Plaintiff met Defendant in Moscow for drinks. After a couple of drinks at various venues, Plaintiff became disoriented and physically incapacitated.

18.     Plaintiff's memory became fragmented, but she recalls being forcibly transported to a private bathroom in Tal's hotel room.

19.     Seeing another woman present, though she was unsure of how she arrived there.

20.     Defendant then began raping her while she was unable to resist in the bathroom and the door was locked.

21.     Plaintiff awoke in a daze, struggling to piece together the events of the night.

22.     She gathered her belongings and Plaintiff ordered an Uber to go home.

23.     Plaintiff subsequently reached out to Defendant Tal Alexander via text messages to understand the circumstances surrounding the incident. Defendant never responded.

Case 1:25-cv-02078-JPO    Document 1-1    Filed 03/13/25    Page 7 of 31

24. Plaintiff experienced severe emotional and psychological trauma following the assault.

25. She developed PTSD, recurring nightmares, and anxiety in social settings.

26. The experience caused lasting trust issues and distress in her personal relationships.

27. The psychological and emotional toll has affected her ability to form healthy relationships and trust others.

## FIRST CAUSE OF ACTION
### (Sexual Battery)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length.

29. Defendant's conduct as described above constitutes a sexual battery in that the contact was intentional, harmful and offensive. Moreover, Plaintiff did not consent to the harmful and offensive contact.

30. By forcing sexual contact onto Plaintiff, Defendant committed acts constituting rape and oral sexual conduct, falling within the scope of CPLR § 213-c, which provides a 20-year statute of limitations for civil claims arising from such conduct.

31. CPLR § 213-c states: "Notwithstanding any other limitation set forth in this article, an action to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such plaintiff . . . may be commenced within twenty years."

32. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, psychological injury, pain and

suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, and humiliation.

33. Plaintiff is entitled to compensatory damages from the Defendant in such sums a jury would find fair, just, and adequate.

34. Plaintiff is entitled to punitive damages from the Defendant in such sums as a jury would find fair, just and adequate to deter said defendant and others from future similar misconduct.

35. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

36. This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant on all counts as follows:

a. Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

b. Awarding punitive damages in an amount to be determined at trial;

c. Awarding attorneys' fees and costs pursuant to any applicable statute or law;

d. Awarding pre- and post-judgment interest on all such damages, fees, and/or costs;

e. Attaching any and all of Defendant's real property and other assets located in the State of New York pursuant to Federal Rule of Civil Procedure 64; and

f.  Awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: New York, New York
February 18, 2025

**CURIS LAW, PLLC**

By: _Antigone Curis_
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

**AVA LAW GROUP**

Andrew Van Arsdale
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No: _____/2025

--------------------------------------------------------X

JANE DOE,

**INDIVIDUAL
VERIFICATION**

Plaintiff,

-against -

TAL ALEXANDER,

Defendant.

--------------------------------------------------------X

STATE OF NEW YORK

COUTY OF K___

I, JANE DOE, being duly sworn, deposes and says:

That I am the plaintiff in the within action.

I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

Dated: New York, New York

February 14, 2025.





NOTARY PUBLIC

At I.A.S. Part _____ of the Supreme Court of the State of New York, County of New York, held at the Courthouse located at 60 Centre Street, New York, NY 10007 on the ____ th day of _____ 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

JANE DOE

                       *Plaintiff,*

        -against -

TAL ALEXANDER,

               *Defendants.*
-------------------------------------------------------------------X

Index No.: 152100 _____/2025

| ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER |
| --- |

UPON reading and filing the annexed Affirmation of Antigone Curis, Esq., of CURIS LAW, PLLC., dated _____, 2025 and all other papers herein, including the Summons and Complaint, and upon due consideration:

LET CAUSE BE SHOWN before this court, at Part ____ of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street New York, NY, on the _____th day of _____, 2025, at _____, or as soon thereafter as counsel may be heard, why an Order should not be entered in this proceeding:

- Granting a Temporary Restraining Order pursuant to CPLR Section 6301, and New York common law, deeming plaintiff's use of the pseudonym "JANE DOE" and the caption of "JANE DOE v. TAL ALEXANDER to be proper in the herein case, and;

- Permitting plaintiff to proceed in this action under the pseudonym "JANE DOE", and the caption to read "JANE DOE v. TAL ALEXANDER" and;

- Directing the parties, their attorneys, and agents to refrain from publishing plaintiff's true identity, and;

- Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to plaintiff by the pseudonym "JANE DOE", and bear the caption "JANE DOE v. TAL ALEXANDER" and directing the County Clerk to enter and record all papers in the action under the title "JANE DOE v. TAL ALEXANDER.

- Granting such other relief as the court may deem just and proper.

- That the County Clerk enter the caption of the above-entitled proceeding in the current minute books and indices of actions and proceedings maintained in his office under the title of

JANE DOE v. TAL ALEXANDER"

ORDERED, that, pending the hearing of this motion BEFORE THIS JUSTICE TO BE ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be as in hereby directed to assign an index number to this proceeding, and to accept for filing a Request for Judicial Intervention ("RJI") bearing the following caption, namely:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

JANE DOE

                      *Plaintiff*,

            -against -

TAL ALEXANDER,

                   *Defendants*.
                                        X

    ORDERED, that the County Clerk maintain the caption of the above-entitled proceeding

for plaintiff under the pseudonym "JANEDOE," pursuant to New York common law and statutory

law, which affords sex assault victims the right to privacy pending a hearing.

    ORDERED, that service of a copy of this order on defendants, by overnight service,

together with the papers upon which it is granted, on or before the _____ day of

_____, 20_____, be deemed good and sufficient service.

    ORDERED, that opposition, if any, is due on or before the _____ day of_____,

20____;

    ORDERED, that reply papers, if any, are due on or before the _____ day of _____

ENTER:                        _____

                                  J.S.C.

Case 1:25-cv-02078-JPO    Document 1-1    Filed 03/13/25    Page 14 of 31

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
--------------------------------------------------------X

JANE DOE

     *Plaintiff*,          No. _____

   v.

TAL ALEXANDER,

     *Defendants*.

--------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF

### PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel Curis Law, PLLC, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to New York Uniform Rule 202.8-a (the "Motion").

## PRELIMINARY STATEMENT

This lawsuit involves claims arising from Defendant Tal Alexander's sexual assault of Plaintiff in 2015. In the Complaint (Dkt. No. 1), Plaintiff alleges Plaintiff met Defendant in Moscow for drinks. After a couple of drinks at various venues, Plaintiff became disoriented and physically incapacitated. Plaintiff's memory became fragmented, but she recalls being forcibly transported to a private bathroom in Tal's hotel room. Seeing another woman present, though she was unsure of how she arrived there. Defendant then began raping her while she was unable to resist in the bathroom and the door was locked. Plaintiff awoke in a daze, struggling to piece together the events of the night. She gathered her belongings and Plaintiff ordered an Uber to go home.

As set forth in the Complaint, Defendants have cultivated a pattern of leveraging their wealth, status, and high-profile circles to manipulate and sexually exploit young women.

## ARGUMENT

It is well-settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. *See, e.g.*, *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), vacated on rehearing and modified on other grounds, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted) (alteration adopted). The

question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (internal quotation marks and citation omitted).

## I. PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND PERSONAL NATURE OF THE ALLEGATIONS AND THREATS OF HARM.

Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing her name. When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff*, 537 F.3d at 189-90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189-90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. *See id*. at 191 n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

A. <u>This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature</u>

As to the first factor, Plaintiff's claims concern sexual assault and, accordingly, are highly sensitive and of a personal nature. In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims. *See Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); *see also Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity). An action need not involve rape or sexual assault specifically in order to permit a

plaintiff to proceed as a John Doe.  *See Trooper 1 v. N.Y. State Police*, No. 22 Civ. 00893 (LDH) (TAM), ECF No. 37. In *Trooper 1*, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

*Id.* (citations and quotations omitted).  Here, the Alexander Brothers are public figures and the media attention given to this case has been substantial.

Given this confluence of events, the media attention given to this action would undoubtedly create a chilling effect on future plaintiffs in similar circumstances should Plaintiff be forced to disclose his identity.  *See, e.g.*, *Doe v. Colgate Univ.*, No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal her identity would have on future plaintiffs facing similar situations."); *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014).  *See also Doe 1 v. McAdam Fin. Grp. LLC*, No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

B. <u>Plaintiff's Identification Poses a Risk of Retaliatory Physical and/or Mental Harm</u>

The second factor is similarly satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of both physical and mental harm.  "If disclosure creates risk of harm from third parties, disclosure is disfavored."  *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020).  There is a significant risk here of physical harm to Plaintiff that cannot be ignored as defendants are known to have violently drugged and raped their victims.

Case 1:25-cv-02078-JPO Document 1-1 Filed 03/13/25 Page 19 of 31

In terms of mental harm, Plaintiff's experiences as described in the Complaint are traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff. *See Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). Under circumstances in which disclosure of a party's identity could cause further injury, anonymity is routinely permitted. *See Doe v. Smith*, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup*, 500 F. Supp. 127 (E.D. Wis. 1980). In this case, the filing of this lawsuit will garner significant attention in the press, and if Plaintiff's identity is revealed to the public, there is little doubt that she would be inundated with unwanted attention from the media that would cause her extreme psychological distress. Plaintiff would certainly experience significant harm if she is forced to reveal her identity to the public.

C. <u>Defendants Will Not be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously</u>

Protecting Plaintiff by allowing her use of a pseudonym will not prejudice Defendants. The Complaint sets forth the factual basis for Plaintiff's claims in detail. Defendant cannot claim to be prejudiced in discovery here simply because Plaintiff may proceed anonymously.

Defendants will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with applicable rules, and obtain any and all documents. There is neither potential prejudice to the

Case 1:25-cv-02078-JPO Document 1-1 Filed 03/13/25 Page 20 of 31

Defendant nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendants. As such, Defendants will suffer no prejudice if Plaintiff is to pursue her claims under the Jane Doe pseudonym.

In any event, we are at the earliest stages of this case. Defendants' next step is to answer or file a motion to dismiss, neither of which requires disclosure of Plaintiff's identity. Any arguments regarding Defendants' need for additional information about Plaintiff later in the case are premature, and can be dealt with in the ordinary course of litigation as the case proceeds. *See Grottano v. City of New York*, No. 15 Civ. 9242, 2016 WL 2604803, at *3 (S.D.N.Y. Mar. 30, 2016) (granting motion to proceed anonymously and rejecting arguments about impact of anonymity in later stages of litigation). This Court has routinely granted initial leave to file a complaint pseudonymously while reserving the right to order disclosure of a plaintiff's identity at a later stage, suggesting that the standard for making the requisite showing is lower at the pleading stage. *See, e.g., Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 223 (S.D.N.Y. 2015) (denying motion to proceed pseudonymously *at trial* after allowing plaintiff to proceed under pseudonym earlier in case).

D. Plaintiff has Kept Her Identity Confidential

Further, Plaintiff has taken steps to keep her identity confidential. For example, she has not spoken publicly about the incidents that underly the causes of action.

E. The Public Will Not be Prejudiced if Plaintiff Proceeds Anonymously

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (holding that Plaintiff suing government was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a

fictitious name." *Id*. Rather, it would seem that the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim. In *EW*, 213 F.R.D. 108, the court held that the privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." *Id*. at 112-13. In this case, the sensitive and personal nature of Plaintiff's allegations of sexual assault and the likelihood of further psychological injury overcomes any presumption of openness.

F.  <u>Allowing Plaintiff to Proceed Anonymously Furthers Public Interest</u>

The Court's favor granting anonymity in these circumstances, as allowing Plaintiff to proceed anonymously, furthers the public interest. In *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001), the plaintiff requested that she be able to proceed anonymously. As here, the plaintiff in Evans was a victim of sexual assault. In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id*. at 176. Plaintiff requests the same consideration here to protect her identity as she would suffer significant psychological harm if she is forced to reveal her identity to the public.

<b><u>CONCLUSION</u></b>

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Case 1:25-cv-02078-JPO   Document 1-1   Filed 03/13/25   Page 22 of 31

Dated: February 18, 2025

Respectfully submitted,

**CURIS LAW, PLLC**
By: */s/ Antigone Curis*
 antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610


**AVA LAW GROUP**
Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

## REQUEST FOR JUDICIAL INTERVENTION

**SUPREME** COURT, COUNTY OF _New York_

UCS-840
(rev. 12/16/2024)

Index No: _152100/25_      Date Index Issued: _2/18/25_

| For Court Use Only: |
|---|
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

_Jane Doe_

Plaintiff(s)/Petitioner(s)

-against-

_Tal Alexander_

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERICIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (*specify*): _____

    *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ○ Asbestos
- ○ Environmental (*specify*): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (*specify*): _____
- ○ Other Negligence (*specify*): _____
- ○ Other Professional Malpractice (specify): _____
- ● Other Tort (specify): _CPWL 3/3C_

**SPECIAL PROCEEDINGS**
- ○ Child-Parent Security Act (*specify*): ○Assisted Reproduction  ○Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration  [see *NOTE* in **COMMERCIAL** section]
- ○ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (*specify*): ○Initial  ○Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (*specify*): _____
- ○ Other Special Proceeding (*specify*): _____

**MATRIMONIAL**
- ○ Contested

    *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*

    *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (*specify*): ○Residential  ○Commercial

    Property Address: _____

    *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Partition

    *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ○ Tax Certiorari (*specify*):  Section:_____ Block:_____ Lot:_____
- ○ Tax Foreclosure
- ○ Other Real Property (*specify*): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution  [see *NOTE* in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (*specify*): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ● | ○ | If yes, date filed: _2/18/25_ |
| Has a summons and complaint or summons with notice been served? | ○ | ● | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ● Order to Show Cause    Relief Requested: _Temp Rest Ordr_    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Partition Settlement Conference
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Waiver of Court Costs, Fees, and Expenses
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | | |
|---|---|---|---|---|---|
| Case Title | | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**PARTIES** — For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Un-Rep | Parties — List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants — For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined — For each defendant, indicate if issue has been joined. | Insurance Carriers — For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Jane Doe  Role(s): Plaintf | Corus Law Pll 52 Duan St NY, NY 10007 | ⬤ YES ○ NO | |
| ☐ | Name: The Alam  Role(s): Def/A | MDC — 80 29th St Bk, NY 11232 | ○ YES ⬤ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/18/25

_____
Signature

5300421
Attorney Registration Number

Antigone Curis
Print Name

*E.*

At I.A.S. Part _12_ of the Supreme Court of the State of New York, County of New York, held at the Courthouse located at 60 Centre Street, New York, NY 10007 on the _19_th day of _Feb_ 2025

HON. LESLIE A. STROTH

PRESENT: _J.S.C._

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-----------------------------------------------------------X

152100/2025

**JANE DOE**

                 *Plaintiff,*

      -against -

**TAL ALEXANDER,**

           *Defendants.*

Index No.: _____/2025

| |
|---|
| **ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER** MS#1 |

-----------------------------------------------------------X

UPON reading and filing the annexed ~~Affirmation~~ *memorandum of law* of Antigone Curis, Esq., of CURIS LAW, PLLC., dated _Feb. 8th_, 2025 and all other papers herein, including the Summons and *verified* Complaint, and upon due consideration:

LET CAUSE BE SHOWN before this court, at Part _12_ of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street New York, NY, *Rm 325* on the _1st_ th day of _May_, 2025, at _10:00 am_, or as soon thereafter as counsel may be heard, why an Order should not be entered in this proceeding:

- Granting a Temporary Restraining Order pursuant to CPLR Section 6301, and New York common law, deeming plaintiff's use of the pseudonym "**JANE DOE**" and the caption of "**JANE DOE** v. **TAL ALEXANDER** to be proper in the herein case, and;

- Permitting plaintiff to proceed in this action under the pseudonym "**JANE DOE**", and the caption to read "**JANE DOE** v. **TAL ALEXANDER**" and;

- Directing the parties, their attorneys, and agents to refrain from publishing plaintiff's true identity, and;

1 of 3

- Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to plaintiff by the pseudonym "JANE DOE", and bear the caption "JANE DOE v. TAL ALEXANDER" and directing the County Clerk to enter and record all papers in the action under the title "JANE DOE v. TAL ALEXANDER.

- Granting such other relief as the court may deem just and proper.

- That the County Clerk enter the caption of the above-entitled proceeding in the current minute books and indices of actions and proceedings maintained in his office under the title of

**JANE DOE** v. **TAL ALEXANDER"**

ORDERED, that, pending the hearing of this motion BEFORE THIS JUSTICE TO BE ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be as in hereby directed to assign an index number to this proceeding, and to accept for filing a Request for Judicial Intervention ("RJI") bearing the following caption, namely:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

JANE DOE

                     *Plaintiff,*

                -against -

TAL ALEXANDER,

                    *Defendants.*

------------------------------------------------------------------X

ORDERED, that the County Clerk maintain the caption of the above-entitled proceeding for plaintiff under the pseudonym "JANEDOE," pursuant to New York common law and statutory law, which affords sex assault victims the right to privacy pending a hearing.

ORDERED, that service of a copy of this order on defendants, by overnight service, together with the papers upon which it is granted, on or before the ___24th___ day of ___February___, 20_25_, be deemed good and sufficient service.

ORDERED, that opposition, if any, is due on or before the ___14th___ day of _Apr.;_ 20___;

ORDERED, that reply papers, if any, are due on or before the _____ day of _____

ENTER:

~~ENTER:~~

                                    _____

                                          J.S.C.

SO ORDERED

Dated: 2/19/25

HON. LESLIE A. STROTH, J.S.C.

Case 1:25-cv-02078-JPO    Document 1-1    Filed 03/13/25    Page 28 of 31

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

JANE DOE
Plaintiff(s),

vs.

TAL ALEXANDER et al
Defendant(s).

ATTORNEY: CURIS LAW, PLLC

INDEX NUMBER: 152100/2025

DATE OF FILING:

COURT DATE: 03/01/2025

## AFFIDAVIT OF SERVICE

STATE OF New York: COUNTY OF NEW YORK    ss:

I, Mykhailo Barabash, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **2/21/2025** at **10:01 AM** at **345 Adams Street, 5th Floor, Brooklyn, NY 11201,**
Deponent served the **Order to Show Cause for a Temporary Restraining Order herein dated February 19, 2025, Summons and Verified Complaint, Memorandum of law in Support of Plaintiff's Motion to Proceed Anonymously, Request for Judicial Intervention, Notice of Electronic Filing** upon **TAL ALEXANDER, INMATE # 50978-511 c/o Kings County Sheriff's Office,** defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering to and leaving a true copy to **Officer Matos #502** personally for **TAL ALEXANDER, INMATE # 50978-511 c/o Kings County Sheriff's Office**.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Male**  Skin: **Brown**  Hair: **Black**  Age (Approx): **32** Height(Approx): **5'10"**  Weight(Approx): **160-170 lbs**  Glasses: **No** Other:

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me this

February 26 2025

_____
Mykhailo Barabash
License No. 2123913

ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Executive Attorney Service, Inc. 100 Crossways Park Dr W, Ste 402, Woodbury, NY 11797 5162261073 Lic# 1422060
Case No: 1719912

1 of 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** _____NEW YORK_____

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Managing Attorney Authorizing Individual Filing Agent)

I, _____Antigone Curis_____, Esq., ( Attorney Registration No. _____ ) am the managing attorney of/attorney in charge of e-filing for _____Curis Law, PLLC_____ _____ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the NYSCEF system hereby authorize _____Executive Attorney Service_____ ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on their behalf and at their direction in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _____2/2/21_____

_____Antigone Curis_____
Signature

_____New York, NY 10007_____
City, State and Zip Code

_____Antigone Curis_____
Print Name

_____(646) 335-7220_____
Phone

Case 1:25-cv-02078-JPO    Document 1-1    Filed 03/13/25    Page 30 of 31

_____
Curis Law, PLLC

Firm/Department

_____
52 Duane Street

Street Address

_____
antigone@curislaw.com

E-Mail Address

(6/6/13)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

JANE DOE
Plaintiff(s),

vs.

TAL ALEXANDER et al
Defendant(s).

ATTORNEY: CURIS LAW, PLLC

INDEX NUMBER: 152100/2025

DATE OF FILING:

COURT DATE: 03/01/2025

## AFFIDAVIT OF MAILING

STATE OF New York: COUNTY OF Nassau    ss:

I, Lori Goldner, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

On **02/20/2025**, I served a true copy of the **Order to Show Cause for a Temporary Restraining Order herein dated February 19, 2025, Summons and Verified Complaint, Memorandum of law in Support of Plaintiff's Motion to Proceed Anonymously, Request for Judicial Intervention, Notice of Electronic Filing** by mailing the same in a sealed envelope by First Class Overnight Mail 9470136200832627435818, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TAL ALEXANDER, INMATE # 50978-511
c/o  Metropolitan Detention Center (MDC), 80 29th Street, Brooklyn, NY 11232

The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the addressee(s).

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Lori Goldner

Sworn to before me this

February 27 2025

-------------------------------------------------
ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Executive Attorney Service, Inc. 100 Crossways Park Dr W, Ste 402, Woodbury, NY 11797 5162261073 Lic# 1422060
Case No: 1719911