UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Jane Doe,

       *Plaintiff*,            No. 1:25-cv-2078

   v.

TAL ALEXANDER,

       *Defendant*.

-----------------------------------------------------------X

# REPLY BRIEF IN SUPPORT OF

# PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel Curis Law, hereby files this Reply Brief in Support of her Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") 10a (the "Motion").

The Defendant opposes Plaintiff's Motion to Proceed Anonymously primarily on the basis that (1) the AVA Law Group has conducted legal advertising pertaining to these cases, and (2) that Plaintiff has not articulated a basis for her application.

Plaintiff's application for anonymity cannot and should not be assessed based on whether attorney advertising and media has occurred in what is unquestionably a high-profile case involving a public figure. The analysis of Plaintiff's request for anonymity (at least at this juncture, which can always be reassessed) should be dealt with solely on the usual factors set forth in *Sealed Plaintiff* and other case law. And those factors, as set forth in Plaintiff's original Motion, weigh in favor of anonymity here.

The second and far more important response is that Plaintiff has articulated the basis of her application for why she is seeking anonymity contrary to defendant's assertions in her affidavit. Plaintiff very clearly articulates in her affidavit that she fears serious professional repercussions and retaliation if her name is exposed. Further, she has not disclosed the sexual abuse to her partner and fears if her name is revealed she would suffer in her relationship.

This directly implicates the second *Sealed Plaintiff* factor in favor of granting anonymity, as Plaintiff's identification poses a risk of mental harm. "If disclosure creates risk of harm from third parties, disclosure is disfavored." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). There is a significant risk here of mental harm to Plaintiff that cannot be ignored.

Defendant argues that the anonymous application was made in each case and uses that to bolster their argument that anonymity should not be granted when in reality the same application was made for each survivor because they are entitled to privacy and freedom from threat of harm whether it be emotional, mental, financial or threat of physical harm. These survivors have endured life long trauma and do not deserve to be revictimized.

Defendant fails to articulate any actual prejudice or harm they will suffer if Plaintiff were to be allowed to proceed anonymously. The Defendant is already awaiting sex trafficking charges incarcerated and has been in the public eye from the media prior to Plaintiff's lawsuit. The Defendant will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with applicable rules, and obtain any and all documents. There is neither potential prejudice to the Defendant nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendant. As such, Defendant will suffer no prejudice if Plaintiff is to pursue her claims under the Jane Doe pseudonym.

Further, allowing the plaintiff to proceed under the pseudonym will not prejudice the public's interest in open judicial proceedings. Plaintiff has not requested that all court filings be sealed, nor that any measure be affected that would conceal from the public all of the facts underlying this lawsuit, other than plaintiff's identity. As such, plaintiff's request to proceed anonymously strikes the appropriate balance of preserving plaintiff's privacy interests while allowing the public to know the nature of the complaint against the Defendant.

At this time, there is no compelling reason to force disclosure of Plaintiff's name, and multiple compelling reasons to maintain her anonymity at this time.

Dated: New York, New York
April 9, 2025

    Respectfully submitted,

**CURIS LAW, PLLC**

/s/ *Antigone Curis*
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610