UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> TAL ALEXANDER, <br><br> Defendant. | Case No.: 25-CV-2078 (JPO) |

**MEMORANDUM OF LAW OF DEFENDANT TAL ALEXANDER
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

WALDEN MACHT HARAN & WILLIAMS LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030

Milton L. Williams
Daniel A. Cohen
Deanna M. Paul
mwilliams@wmhwlaw.com
dcohen@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*

Defendant Tal Alexander ("Defendant"), by his undersigned counsel, submits this memorandum of law in opposition to the motion to remand the action to the Supreme Court of the State of New York filed by Plaintiff Jane Doe ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff is a citizen of New York. ECF Doc. 1-1, ¶ 3. Plaintiff's Motion to Remand contends that Defendant is also a citizen of New York. As shown below, Defendant was in fact a citizen of, and domiciled in, the State of Florida at all times relevant to this motion, in particular at the time the Complaint was filed. *See* accompanying Declaration of Tal Alexander ("Alexander Decl.") dated April 14, 2025. Therefore, based on 28 U.S.C § 1441, the Court has subject matter jurisdiction over this matter.

## PROCEDURAL HISTORY

The Complaint alleges that in or about June 2015, Defendant raped Plaintiff inside a hotel room in Moscow, Russia. ECF Doc. 1-1, ¶¶ 16-20.

A decade later, on February 18, 2025, Plaintiff filed civil action *Doe v. Alexander,* Index No. 152100/2025, in the Supreme Court of the State of New York.

On March 13, 2025, Defendant properly removed this matter pursuant to 28 U.S.C. § 1441—diversity jurisdiction was present and the amount in controversy was satisfied. On March 31, 2025, Plaintiff filed the instant Motion to Remand, with the only dispute being Defendant's citizenship.

Defendant was at that time, and still is, a citizen and domiciliary of the State of Florida.

## RELEVANT FACTS

The facts that establish Defendant's Florida citizenship at the time the Complaint was filed, on February 18, 2025, include the following:

Family and Personal Ties

1. Defendant was born, raised, and attended high school in Florida, where his parents and siblings still reside. Alexander Decl. ¶ 5.

Property Ownership

2. Defendant resided in New York City for several years prior to the COVID-19 pandemic. After the pandemic began, in or about 2020, Defendant permanently relocated back to Florida, where his family resides, in 2020. Alexander Decl. ¶ 6.

3. Initially, upon relocating to the Miami area in 2020, Defendant moved into a home that he and one of his brothers owned, located at 3451 Flamingo Drive, Miami Beach, Florida 33140. Alexander Decl. ¶ 8.

4. On or about November 10, 2020, Defendant initiated construction on a home that he owns, located at 2687 Flamingo Drive, Miami, Florida, 33140 (the "Flamingo Drive Home"), with the intent to permanently reside there upon completion. Alexander Decl. ¶ 9.

5. On September 9, 2023, while construction on the Flamingo Drive Home was pending, Defendant entered a month-to-month lease for a rental apartment located at 5775 Collins Avenue, Unit 704, Miami Beach, Florida 33140. On October 19, 2023, he amended the lease to expand it for a full one-year lease term through September 2024. Alexander Decl. ¶ 10.

6. Defendant resided at 5775 Collins Avenue until early June 2024, when he elected to end the lease early. On June 3, 2024, Defendant hired movers to move most of his personal property to the Flamingo Drive Home. Alexander Decl. ¶ 11; Exhibit 1.

7. Defendant does not own any real property in New York (or any other state besides Florida).

Tax Records

8. Consistent with the foregoing, Defendant listed New York as his residence for tax returns filed for fiscal years 2017-2020; however, beginning in fiscal year 2021, Defendant filed his federal tax returns, including his most recent quarterly estimated tax returns, as a Florida resident.  Alexander Decl. ¶¶ 20-21; Exs. 11-16.

9. Florida, unlike New York, does not have a personal income tax.  Consequently, Defendant filed only federal returns, and not state tax returns, for the fiscal years 2022 and 2023; Defendant has not filed his annual federal return for 2024 because of, among other things, his arrest.  Alexander Decl. ¶ 22.

Licenses and Registrations

10. In January 2021, shortly after moving back to Florida, Defendant obtained a Florida driver's license.  Alexander Decl. ¶ 14; Ex. 2.

11. Defendant does not possess a driver's license from New York (or any state other than Florida).  Alexander Decl. ¶ 15.

12. On March 19, 2024, Defendant purchased a Range Rover at North Dade Land Rover in Miami.  Alexander Decl. ¶ 16.

13. The address listed on the purchase is 5775 Collins Avenue, Unit 704, Miami Beach, Florida 33140.  The car has never left the Miami area and remains in Florida today.  Additionally, the Range Rover is registered in Florida, has Florida license plates, and is insured through a Florida carrier.  Alexander Decl. ¶ 17; Exs. 4-9.

14. Defendant is registered to vote in the state of Florida.  Alexander Decl. ¶ 18; Ex. 10.

Other

15. Since 2023, Defendant's health insurance has also been provided by Florida BX

BS.  Alexander Decl. ¶ 19.

## ARGUMENT

Plaintiff's Motion to Remand to the Superior Court of New York is improper as the parties are completely diverse and the amount in controversy is met.

The relevant inquiry is whether Defendant was a citizen of Florida or New York <u>at the time the Complaint was filed</u>.  *See Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) (diversity of citizenship is determined at time action is commenced in cases where diversity is sole basis for court's jurisdiction); *Wiest v. Breslaw,* No. 01-CV-5663, 2002 WL 413925, at *2 (S.D.N.Y. Mar. 15, 2002) ("the well-established rule that diversity of citizenship is assessed at the time the action is filed").  Here, there is no question that at the time of filing, and at the time of removal, Defendant was a citizen and domiciliary of Florida.

An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.  *Wiest,* 2002 WL 413925, at *2.  "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotations omitted); *see also Wiest,* 2002 WL 413925, at *2 (listing "factors frequently taken into account" including: "current residence"; "voting registration"; "location of personal and real property"; "driver's license and automobile registration"; and "payment of taxes"); *Arizona Hudson Valley LLC v. Pietrzykowski*, No. 20-CV-2508, 2021 WL 2941732, at *3 (S.D.N.Y. July 9, 2021) (noting that factors considered by courts in determining a party's citizenship include "the place where taxes are paid, real and personal property (e.g., furniture and automobiles) are located and driver's licenses obtained") (internal quotations omitted).

Nor does a citizen of another state become a citizen of New York by being arrested and

4

hauled off to a Brooklyn-based detention center. *Muntaqim v. Coombe*, 449 F.3d 371, 376 (2d Cir. 2006) ("[B]ecause physical presence in a prison is necessarily involuntary, an inmate of an institution does not gain or lose a residence or domicile, but retains the domicile he had when he entered the institution.") (citations omitted); *Greenwald v. Bd. of Sup'rs of Sullivan Cnty.*, 567 F. Supp. 200, 207 (S.D.N.Y.), *aff'd sub nom. Haas v. Cnty. of Sullivan*, 742 F.2d 1433 (2d Cir. 1983) ("[N]o person shall be deemed to have gained or lost a residence, by reason of his presence or absence . . . while confined in any public prison."); *Farrell v. Lautob Realty Corp.*, 204 A.D.2d 597, 598 (2d Dep't 1994) ("[An] inmate of an institution does not gain or lose a residence or domicile, but retains the domicile he had when he entered the institution.") (citations omitted).

Defendant was apprehended in Florida, where he was at the time of arrest (and remains today) a citizen and domiciliary. Alexander Decl. ¶ 13.

Since relocating to Florida in 2020, Defendant has demonstrated his intent to make Florida his permanent abode in multiple ways, including the following:

Home and Property. Defendant initially moved to a home he owned with one of his brothers in Florida. He then initiated construction on another home he owns in Florida (the Flamingo Drive Home), intending to make it his permanent abode. While construction was pending he temporarily leased another Florida property; when he terminated the lease he paid a mover to move his personal property to the Flamingo Drive Home, which is his residential home. *Id.* at ¶¶ 8-11. By contrast, Defendant does not own any real property in New York (or in any other state). *Id.* at ¶ 12.

Vehicle Licenses and Registrations. Shortly after moving back to Florida, Defendant obtained a Florida driver's license. *Id*. at ¶ 14. He owns a vehicle that is registered in Florida, has Florida license plates, and is insured through a Florida carrier. *Id*. at ¶¶ 16-17. By contrast,

5

Defendant does not possess a New York driver's license (or a driver's license from any other state) nor does he own a vehicle outside of the state of Florida. *Id.* at ¶ 15.

<u>Voter Registration</u>.  Defendant is registered to vote in Florida. *Id.* at ¶ 18.

<u>Tax Returns</u>. Defendant filed tax returns as a Florida resident for fiscal years 2021, 2022, and 2023. *Id.* at ¶¶ 22-23.  In 2024, he also made quarterly tax payments as a Florida resident. *Id.*

<u>Family/Personal Ties</u>.  Defendant's parents and siblings reside in Florida, where he was born and raised.

For years, and certainly at the time Plaintiff initiated this action and thereafter, the State of Florida has been the *only* place where Defendant's civil and political rights were exercised, taxes were paid, real property was located, and where his driver's and other licenses were obtained from. Accordingly, Defendant has sufficiently demonstrated that he is a resident, domiciliary, and citizen of Florida, and thus, diversity jurisdiction exists exist.

## **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's request to remand this action to state court.

Dated: New York, New York  
       April 14, 2025

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: _/s/ Milton L. Williams_

Milton L. Williams  
Daniel A. Cohen  
Deanna M. Paul  
250 Vesey Street, 27th Floor  
New York, New York 10281  
Tel: (212) 335-2963  
mwilliams@wmhwlaw.com  
dcohen@wmhwlaw.com  
dpaul@wmhwlaw.com  

*Attorneys for Defendant Tal Alexander*

7

## CERTIFICATE OF WORD COUNT COMPLIANCE

The undersigned counsel of record for Defendant Tal Alexander certifies that the foregoing brief complies with the 8,750-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  The foregoing brief contains 1,612 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated:  New York, New York
       April 14, 2025

                                                              Milton L. Williams